```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO
```

In re:
TERESA PAULINE HERRERA,
    Debtor.                                                            No. 7-07-12844 SR

OTERO FEDERAL CREDIT UNION,
    Plaintiff,
v.                                                        Adv. No. 08-1032 S
TERESA PAULINE HERRERA,
    Defendant.

## MEMORANDUM OPINION ON DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant's Motion for Summary Judgment ("Motion")(doc 7) and Plaintiff's Response (doc 9). No reply was filed. This is a core proceeding to determine the dischargeability of a debt. 28 U.S.C. § 157(b)(2)(I). For the reasons set forth below, the Court finds that the Motion should be denied.

Summary judgment is governed by Fed.R.Civ.P. 56, Fed.R.Bankr.P. 7056, and NM LBR 7056-1. The local rule provides:

> The moving party shall file with the motion a written memorandum containing a short, concise statement In support of the motion with a list of authorities relied upon. A motion for summary judgment filed without the required written memorandum may be summarily denied. A party opposing the motion shall, within 20 days after service of the motion, file a written memorandum containing a short, concise statement in opposition to the motion with authorities. If no such responsive pleading is filed, the court may grant the motion for summary judgment. The moving party may, within ten days after the service of such memorandum, file a written reply memorandum.
>
> The memorandum in support of the motion shall set out as its opening a concise statement of all of the material facts as to which movant contends no genuine issue exists. The facts shall be numbered and shall

> refer with particularity to those portions of the
> record upon which movant relies.
>
> A memorandum in opposition to the motion shall contain
> a concise statement of the material facts as to which
> the party contends a genuine issue does exist. Each
> fact in dispute shall be numbered, shall refer with
> particularity to those portions of the record upon
> which the opposing party relies, and shall state the
> number of the movant's fact that is disputed. All
> material facts set forth in the statement of the movant
> shall be deemed admitted unless specifically
> controverted.

NM LBR 7056-1. The Motion sets out nine undisputed facts. Plaintiff's reply does not specifically controvert any of the nine undisputed facts so they are deemed admitted. Additionally, Defendant filed an answer (doc 5) to the complaint (doc 1) which contains admissions that the Court may consider. The following are therefore the proposed[1] facts:

1. Defendant and Marchall S. Prudencio, a non-filing co-debtor, had a line of credit with Plaintiff.

2. Mr. Prudencio and Defendant shared this line of credit while living together.

3. In 2007, when Mr. Prudencio and Defendant were no longer living together, the two of them agreed that Mr. Prudencio would be responsible for paying this line of credit.

4. On October 15, 2007, Mr. Prudencio decided to make a draw on the line of credit in the amount of $5,800.00.

---

[1] As discussed below, two of the proposed facts are material and contradictory and lead to a denial of the Motion for Summary Judgment.

Page -2-

5. At that time, they agreed that he would also make a draw of $500 to give to Defendant.
6. They also agreed that Mr. Prudencio would be responsible for making the required payments on the line of credit and that he would be responsible for the whole debt.
7. At the time that the draws were made, neither Mr. Prudencio nor Defendant had any intention of defrauding the bank. The intention of Mr. Prudencio and Defendant was that the loan would be repaid by Mr. Prudencio.
9. Since that time, Mr. Prudencio has continued to pay the loan and all the payments are current.
10. Debtor, together with Mr. Prudencio, applied for and obtained an unsecured line of credit from Plaintiff on May 12, 2004. A copy of the printout of the online application is attached to the complaint as Exhibit "A."
11. The line of credit authorized was $12,000.00.
12. Draws on this line of credit constituted "consumer" debt pursuant to § 103 of the Truth in Lending Act, 15 U.S.C. §1602 as incorporated by the United States Bankruptcy Code at 11 U.S.C. §523(a)(2)(C)(ii)(I).
13. The line of credit was subject to the terms and conditions set forth in the Loanliner Open-End Plan agreement that the Debtor and Mr. Prudencio executed on March 18, 2004. A copy

of this Loanliner Open-End Plan agreement is attached to the complaint as Exhibit "B."

14. On October 15, 2007, two draws were made on the line. One draw was paid out in a cashier's check made payable to "Teresa Herrera" in the amount of $500.00 and the second draw was paid out in a cashier's check made payable to Marchall Prudencio in the amount of $5,800.00. Copies of these checks are attached to the complaint as Exhibit "C."

15. Debtor had consulted with a bankruptcy attorney a number of months prior to taking the draw on October 15, 2007.

**SUMMARY JUDGMENT**

The Court must grant a motion for summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Substantive law determines which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. The dispute must also be genuine; the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." Id. In reviewing a summary judgment

motion, credibility judgments and weighing of the evidence is prohibited. Rather, the evidence should be viewed in the light most favorable to the non-moving party. Id. at 255. See also Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(Facts and inferences drawn therefrom must be viewed in the light most favorable to the non-movant.)

It is an error for the trial court to resolve credibility issues against the nonmovant: "In effect, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. The district court errs by granting summary judgment for the defendant where issues of credibility are determinative of the case." Centra, Inc. v. Estrin, 538 F.3d 402, 412 (6th Cir. 2008)(quoting Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro, 477 F.3d 807, 820 (6th Cir. 2007) (internal quotation marks and citation omitted)). And, summary judgment is generally inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions. Cross v. United States, 336 F.2d 431, 433 (2nd Cir. 1964).

**DISCUSSION**

The Court finds that there is a genuine issue of material fact created by Facts 7 and 15. Defendant's affidavit states that she had no fraudulent intent when incurring the debt. She admits, however, visiting a bankruptcy attorney before incurring

the debt.  One logical inference from the visit to the bankruptcy
attorney is that Defendant knew she was in financial trouble and
was intending to file bankruptcy without her or anyone else
repaying the debt.  This inference would favor Plaintiff.
Another inference is that Defendant was fully (and even
justifiably) confident that the loans would be repaid on time and
in full.  This inference would favor Defendant.$^2$  The Court
cannot weigh evidence at this stage, but only can determine if
there is a genuine issue of fact that may be outcome
determinative.

When determining the dischargeability of a debt allegedly
incurred through fraud, "the demeanor and credibility of the
debtors is so important to determining intent...."  <u>Chevy Chase
Bank, FSB v. Kukuk (In re Kukuk)</u>, 225 B.R. 778, 789 (10th Cir.
B.A.P. 1998).  Therefore, the Court cannot find that Debtor's
affidavit is sufficient to overcome the presumption established
by 11 U.S.C. § 523(a)(3).

The Court finds that trial in this case is necessary to
evaluate the Defendant's credibility and to hear evidence of the
circumstances surrounding the creation of the debt.  A separate
order will enter denying the Motion.

---

$^2$ That the loans are being repaid on time, at least so far,
weighs in favor of a finding of no intent to defraud, but is not
determinative.

_[signature]_

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: October 8, 2008

copies to:

John D Wheeler
PO Box 1810
Alamogordo, NM 88311-0600

Clarke C Coll
PO Box 550
Roswell, NM 88202-0550